UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CAROLYN KEISER | : | CASE NO. 1:23-cv-00304 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 14, 17] |
| v. | : | |
| DONALD MCKAY SMITH, INC., ET AL., | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Carolyn Keiser brings this asbestos-related wrongful death and survival action on behalf of herself and as the executor of her husband David Keiser's estate. Decedent David Keiser died from mesothelioma in 2021.

Plaintiff alleges that Defendants Donald McKay Smith, Inc. ("DMS"), Red Seal Electric Company ("Red Seal"), and Vanderbilt Minerals, LLC ("Vanderbilt") caused Decedent to be exposed to asbestos-containing products from 1964 to 2003 and during his employment at Mansfield Plumbing. Plaintiff says Defendants caused David Keiser asbestos exposure, caused him to develop mesothelioma, and caused him to die due to that exposure. According to Plaintiff, Defendants mined, manufactured, sold, or otherwise supplied asbestos-containing products that were at Decedent's job site in Perrysville, Ohio.[1]

Plaintiff originally brought the action in the Cuyahoga County Court of Common Pleas.[2] Defendant Vanderbilt removed it to this Court, claiming diversity jurisdiction.[3] As

---

[1] Docs. 1-1, 14.
[2] Doc. 1-1.
[3] Doc. 1.

Case No. 1:23-cv-00304
GWIN, J.

the only diverse defendant in this case, Vanderbilt argues that Plaintiff fraudulently joined non-diverse defendants, DMS and Red Seal, to prevent removal. Plaintiff denies that and moves to remand this case back to the state court.[4]

For the following reasons, the Court **GRANTS** Plaintiff's motion to remand.

## I. Legal Standard

A defendant may remove a civil case to federal court based on diversity jurisdiction.[5] Complete diversity exists when none of the defendants are citizens of the state where the plaintiff is a citizen.[6] Even if the parties are not completely diverse, a diverse defendant may still remove a case to federal court if the plaintiff fraudulently joined the non-diverse defendants.[7] Fraudulent joinder provides an exception to the complete diversity requirement.[8]

The removing defendant can defeat a motion to remand by proving fraudulent joinder. But that is no easy task. The removing defendant must "present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. … However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."[9]

Federal courts are courts of limited jurisdiction and, as the removing defendant, Vanderbilt must establish jurisdiction.

This Court may pierce the pleadings and consider other evidence in the record only

---

[4] Doc. 14.
[5] 28 U.S.C. § 1441(b)(2).
[6] 28 U.S.C. § 1332.
[7] *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011).
[8] *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998)).
[9] *Coyne*, 183 F.3d at 493 (citing *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir.1994)).

Case No. 1:23-cv-00304
GWIN, J.

to identify the presence of *undisputed* facts that undermine the plaintiff's claim.[10] This piercing "is not intended to provide an opportunity to test the sufficiency of the factual support for a plaintiff's claim[.]" Instead, the proper standard for evaluating such evidence is "akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential."[11] This Court has previously explained that "[the] inquiry is not whether the complaint states a claim, but whether there remains a possibility of a valid claim being stated against the in-state defendants."[12] "[A]ny contested issues of fact must be construed in the plaintiff's favor."[13]

Even if a plaintiff fails to state claims that are applicable to all defendants, that does not exhibit fraudulent joinder. When the removing defendant's "proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of *all* defendants rather than to the in-state defendants alone, the requisite showing [of fraudulent joinder] has not been made."[14] "Were it otherwise, federal courts would be forced to adjudicate the merits of entire *cases* on their way to determining the proper parties and forum. That has it backwards."[15]

## II. Discussion

Here, Defendant Vanderbilt has not shown that Plaintiff has no chance of stating valid claims against the in-state defendants, DMS and Red Seal. The complaint refers to all three Defendants on a collective basis. It does not discuss each individually. And there are no

---

[10] *Walker*, 443 F. App'x at 956.
[11] *Id.* at 954.
[12] *Bertin-Resch v. U.S. Med. Mgmt., LLC*, No. 4:15CV0090, 2015 WL 5595201, at *2 (N.D. Ohio Sept. 22, 2015).
[13] *Walker*, 443 F. App'x at 954.
[14] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir.2004); *see also Smith v. SmithKline Beecham Corp.*, No. 11–56, 2011 WL 2731262, at *4 (E.D.Ky. July 13, 2011*)* (collecting cases).
[15] *Ohio ex rel. Joyce v. MERSCORP, Inc.*, No. 1:11-CV-2474, 2012 WL 1669883, at *2 (N.D. Ohio May 13, 2012).

Case No. 1:23-cv-00304
GWIN, J.

undisputed facts outside the pleadings that negate Plaintiff's claims against the in-state defendants only.

Instead, the facts outside the pleadings actually lend some support to Plaintiff's claims against the in-state defendants. Both in-state defendants previously sold asbestos-containing products, so there is at least some chance that they sold the asbestos-containing products that came into contact with Decedent at his worksite. In its response to Plaintiff's interrogatories, DMS disclosed that it used to sell raw asbestos fiber.[16] But DMS does not have a record of the dates of the brokerage or distribution. Red Seal disclosed in its response Plaintiff's interrogatories that it sold, marketed, and distributed asbestos-containing cement board products from 1957 to 1986.[17]

Vanderbilt did disclose in its response to Plaintiff's interrogatories that Vanderbilt sold its industrial talc to Decedent's worksite during some years between 1964 and 2003.[18] But Vanderbilt denies that its industrial talc contains asbestos. Red Seal says it does not have any documents showing shipments of products that might have contained asbestos to the decedent's worksite.[19] When asked if it has reason to believe that its asbestos-containing products were used at Decedent's worksite, DMS only indicated that it brokered an asbestos-containing products to Foseco Minesap in Cleveland, Ohio.[20] In the end, all Defendants have not admitted that they provided asbestos-containing products to the decedent's worksite.

Vanderbilt argues that Plaintiff has no colorable claims against non-diverse defendants

---

[16] Doc. 14-2 at 8.
[17] Doc. 14-3 at 11-12.
[18] Doc. 1-4 at 12.
[19] Doc. 14-3 at 20.
[20] Doc. 14-2 at 12.

- 4 -

Case No. 1:23-cv-00304
GWIN, J.

because Plaintiff has not identified any specific product by type. To show that this justification for fraudulent joinder only applies to non-diverse defendants, Vanderbilt points to an email that Plaintiff's counsel sent where he accused Vanderbilt of selling asbestos-containing talc. In Vanderbilt's words, "Plaintiff's counsel candidly acknowledged to defense counsel that the claim against Vanderbilt was based upon its alleged supply of talc. But nothing has ever been provided in discovery by Plaintiff identifying the actual basis for her claims against DMS or Red Seal."[21]

This is not correct. Plaintiff did not provide more details regarding Vanderbilt's products than the non-diverse defendants' products. Plaintiff's complaint specifically alleges that Decedent was exposed to Defendants' "asbestos-containing products and/or asbestos-containing talc[.]"[22] And Plaintiff's counsel referred to Vanderbilt's talc when he was replying to Vanderbilt's counsel. The other defendants' counsels were not copied.

Vanderbilt next points to the fact that the state court's deadline for depositions of plaintiff and product-identification witnesses has passed.[23] Vanderbilt says that the available information, or lack thereof, at the completion of this product-identification deposition period makes it clear that there could be no liability imposed upon the non-diverse defendants. Even if that is true, Vanderbilt has not shown why this would negate *only* the claims against the non-diverse defendants, as opposed to claims against all of the defendants.

Without more, Vanderbilt has not shown fraudulent joinder.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. The Court

---

[21] Doc. 15 at 7.
[22] Doc. 1-1 at 2.
[23] Doc. 15-9.

Case No. 1:23-cv-00304
GWIN, J.

remands this case to the Cuyahoga County Court of Common Pleas.[24]

    IT IS SO ORDERED.

Dated: April 28, 2023          *s/     James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[24] The Court also dismisses Doc. 17 as mooted.